FILED
8-5-26
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:26-cr-169-WWB-PDB

21 U.S.C. § 841(a)(1)

COLE DOUGLAS HARMON

(Distribution of
Controlled Substances)
18 U.S.C. § 1956(a)(1)(B)
(Money Laundering)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Distribution of Controlled Substances)

Beginning on or about November 9, 2023, and continuing through on or about, November 16, 2023, in the Middle District of Florida, the Northern District of Illinois, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

did knowingly and intentionally distribute controlled substances. The violation involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture and substance containing a detectable amount of fentanyl, both Schedule II controlled substances.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## COUNT TWO
### (Money Laundering)

On or about November 19, 2023, in the Middle District of Florida, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

knowingly conducted a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified criminal activity, that is, distribution of methamphetamine, bromazolam, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed in whole and in part to conceal to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNT THREE
### (Distribution of a Controlled Substance)

Beginning on or about November 21, 2023, and continuing through on or about, December 11, 2023, in the Middle District of Florida, the Northern District of Illinois, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

did knowingly and intentionally distribute a controlled substance. The violation involved protonitazene, a synthetic opioid and a Schedule I controlled substance.

2

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
### (Money Laundering)

On or about December 17, 2023, in the Middle District of Florida, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

knowingly conducted a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified criminal activity, that is, distribution of protonitazene, in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed in whole and in part to conceal to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNT FIVE
### (Distribution of a Controlled Substance)

Beginning on or about December 15, 2023 and continuing through on or about December 28, 2023, in the Middle District of Florida, the Northern District of Illinois, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

did knowingly and intentionally distribute a controlled substance. The violation involved protonitazene, a synthetic opioid and a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
### (Money Laundering)

On or about December 29, 2023, in the Middle District of Florida, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

knowingly conducted a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified criminal activity, that is, distribution of protonitazene, in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed in whole and in part to conceal to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNT SEVEN
### (Distribution of Controlled Substance)

Beginning on or about March 15, 2024, and continuing through on or about March 21, 2024, in the Middle District of Florida, the Northern District of Illinois, and elsewhere, the defendant,

4

COLE DOUGLAS HARMON,

did knowingly and intentionally distribute a controlled substance. The violation involved protonitazene, a synthetic opioid and a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT
### (Money Laundering)

On or about March 29, 2024, in the Middle District of Florida, and elsewhere, the defendant,

COLE DOUGLAS HARMON,

knowingly conducted a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified criminal activity, that is, distribution of protonitazene, in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed in whole and in part to conceal to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## FORFEITURE

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

5

2. Upon conviction of a violation of 21 U.S.C. § 841(a)(1) the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 1956, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $5,956, which represents proceeds the defendant obtained from the offenses and/or property involved in the offenses.

5. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property, which cannot

be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p) directly, and as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By:  RACHEL LASRY
Assistant United States Attorney

By:  MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
8/4/26 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## COLE DOUGLAS HARMON

## INDICTMENT

Violations:  Ct. 1:            21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)
Cts. 2, 4, 6, 8:    18 U.S.C. § 1956(a)(1)(B)(i)
Cts. 3, 5, 7:      21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

A true bill

_____

Foreperson

Filed in open court this 5th day

of August, 2026.

_____
Clerk

Bail   $_____

GPO 863 525